```
 1  LERACH COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
 2  KEITH F. PARK
    EDWARD P. DIETRICH
 3  DANIEL S. DROSMAN
    DAVID A. THORPE
 4  401 B Street, Suite 1600
    San Diego, CA 92101
 5  Telephone: 619/231-1058
         - and -
 6  PATRICK J. COUGHLIN
    CHRISTOPHER P. SEEFER
 7  BING Z. RYAN
    100 Pine Street, Suite 2600
 8  San Francisco, CA 94111
    Telephone: 415/288-4545
 9
    Lead Counsel for Plaintiffs
10
    BONNETT, FAIRBOURN, FRIEDMAN
11    & BALINT, P.C.
    ANDREW S. FRIEDMAN (AZ005425)
12  2901 N. Central Avenue, Suite 1000
    Phoenix, AZ 85012-3311
13  Telephone: 602/274-1100

14  Liaison Counsel for Plaintiffs
```

Stamps: FILED MAR 0 9 2005, CLERK U S DISTRICT COURT, DISTRICT OF ARIZONA; FILED MAR 1 0 2005, CLERK U S DISTRICT COURT, DISTRICT OF ARIZONA. Note: "DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT. REFERENCE: LRCiv 7.1(b)(3)"

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| 1. Employer-Teamsters Joint Council No. 84 Pension Trust Fund, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>2. America West Holdings Corp., et al.,<br><br>　　　　　　　　Defendants. | CIV-99-0399-PHX-EHC(OMP)<br>**(CONSOLIDATED)**<br><br>CLASS ACTION<br><br>REVISED [PROPOSED] ORDER APPROVING PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS<br><br>DATE: March 9, 2005<br>TIME: 1:30 p.m.<br>COURTROOM: The Honorable Owen M. Panner, Senior United States District Judge |

650

This matter having come before the Court on plaintiffs' application for approval of the Plan of Allocation of settlement proceeds in the above-captioned action; the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. For purposes of this Order, the terms used herein shall have the meanings as set forth in the Stipulation and Agreement of Settlement dated as of December 22, 2004 ("Stipulation").

2. Lead Plaintiffs have proposed a Plan of Allocation for the distribution of the Net Settlement Fund to Authorized Claimants.

3. The Plan of Allocation recognizes that on September 13, 2004 and November 3, 2004, the Court dismissed with prejudice all claims relating to statements made by Defendants prior to May 13, 1998. As a result of these rulings by the Court, if a Settlement Class Member purchased America West Holdings Corporation Class B common stock only between November 19, 1997 through May 12, 1998, that Settlement Class Member will not recover any money as a result of this settlement.

4. Claims will be calculated as follows:

(a) For shares of America West Class B common stock *purchased from November 19, 1997 through May 12, 1998*, the claim per share is equal to $0 because the Court dismissed with prejudice all claims relating to statements made by Defendants prior to May 13, 1998.

(b) For shares of America West Class B common stock *purchased from May 13, 1998 through July 20, 1998*, and:

    (i) sold prior to August 27, 1998;

    (ii) sold on August 27, 1998 through September 2, 1998, the claim per share is equal to the difference between 27% of the purchase price per share, less 26% of the sales price per share;

- 1 -

(iii) retained at the end of September 2, 1998, the claim per share is equal to 27% of the purchase price per share.

(c) For shares of America West Class B common stock **_purchased from July 21, 1998 through August 26, 1998_**, and:

(i) sold prior to August 27, 1998, the claim per share is equal to $0;

(ii) sold on August 27, 1998 through September 2, 1998, the claim per share is equal to the difference between 30% of the purchase price per share, less 26% of the sales price per share;

(iii) retained at the end of September 2, 1998, the claim per share is equal to 30% of the purchase price per share.

(d) For shares of America West Class B common stock **_purchased from August 27, 1998 through September 2, 1998_**, and:

(i) sold prior to September 3, 1998, the claim per share is equal to $0;

(ii) retained at the end of September 2, 1998, the claim per share is equal to 26% of the purchase price per share.

(e) For shares of America West Class B common stock **_purchased on September 3, 1998_**, and:

(i) sold on September 3, 1998, the claim per share is equal to the purchase price per share less the sales price per share;

(ii) retained at the end of September 3, 1998, the claim per share is equal to the difference between the purchase price per share, less $14.13 per share (September 3, 1998 closing price).

5. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all Persons and entities who are Settlement Class Members advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to

1  all Persons and entities who are Settlement Class Members to be heard with respect to the Plan of Allocation.

6. The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants which is set forth in the Notice of Settlement of Class Action ("Notice") sent to Settlement Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund established by the Stipulation among the Settlement Class Members, with due consideration having been given to administrative convenience and necessity. This Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

DATED this _9_ day of _March_, 2005.

*[signature]*
THE HONORABLE OWEN M. PANNER
SENIOR UNITED STATES DISTRICT JUDGE

C:\Documents and Settings\change\Local Settings\Temp\Revised-Ord-Allocation-00018630.doc

- 3 -